## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**Y.F.G., a minor, by and through his p/n/g**
**J.G. and J.G. in her own right**
811 W. Schiller Street
Philadelphia, PA 19140

         Plaintiff(s)   :   CIVIL ACTION - LAW

   v.

**SCHOOL DISTRICT OF PHILADELPHIA**
440 N. Broad Street
Philadelphia, PA  19130         CASE NO.:

**SCHOOL REFORM COMMISSION OF THE**
**SCHOOL DISTRICT OF PHILADELPHIA**
440 N. Broad Street
Philadelphia, PA 19130

**MEREDITH FOOTE**
**Principal of the Overbrook Educational Center**
(Individually and in her official capacity)
6722 Lansdowne Avenue
Philadelphia, PA 19151

**JOHN DOE I -V,**
**SCHOOL DISTRICT OF PHILADELPHIA**
(Individually and in their official capacity)
440 N. Broad Street
Philadelphia, PA  19130

         Defendants.  :

## COMPLAINT

Plaintiff, Y.F.G., a minor, by and through his p/n/g, J.G., by and through their counsel, Clearfield & Kofsky, brings this suit to recover for federal constitutional violations, federal statutory violations, and state law claims, as follows:

### JURISDICTION AND VENUE

1. Jurisdiction in this Court is asserted under the provisions of 28 U.S.C. §1331 and §1343. This action arises under the provisions of the Civil Rights Act of 1866, as

amended 42 U.S.C. §1983. This Court has supplemental jurisdiction over the state claims asserted herein pursuant to 28 U.S.C. §1367.

2. Venue is appropriately laid in this Court pursuant to 28 U.S.C. §1391(b) in that the actions complained of took place in Philadelphia, which is within the bounds of the Eastern District, and Defendants carry on business within the Eastern District.

## PARTIES

3. Minor Plaintiff, Y.F.G, born on January 24, 2006 is a resident of 811 W. Schiller Street in the City of Philadelphia, Commonwealth of Pennsylvania.

4. Minor Plaintiff, Y.F.G. brings this action by and through his parent and natural guardian, J.G.

5. J.G. is an adult individual who resides at the above address and is bringing this action on behalf of Y.G., and in her own right.

6. The identities of the minor Plaintiff and his mother are being withheld because of the nature of the allegations set forth in this Complaint.

7. Defendant School District of Philadelphia (hereinafter referred to as District) is an educational entity in Philadelphia County, Pennsylvania and owns, operates, manages, directs and controls the public schools, and their employees, throughout the City of Philadelphia.

8. At all times relevant to this action, the School acted through its employees.

9. Defendant, School Reform Commission of the School District of Philadelphia (hereinafter referred to as "Commission"), is a municipal corporation or other jural entity organized and existing under and by virtue of the laws of the Commonwealth

2

of Pennsylvania with a principal place of business at 440 North Broad Street, Philadelphia, PA 19130.

10. At all times material hereto, Defendant, Commission adopted and enforced rules and regulations for management of school affairs and the conduct and deportment of employees and students.

11. Defendant, Meredith Foote was at all times herein the Principal of the Overbrook Educational System, and was responsible for the actions of its employees and agents.

12. Defendant, Meredith Foote is being sued in her individual capacity, as well as her official capacity as an employee of OEC and/or District.

13. Defendants John Does, I-V (hereinafter referred to as Defendants Doe I-V) were at all relevant times herein, employees and/or agents of Defendant, District.  Their names are not currently known. They were present and involved in official activities which give rise to the within causes of action, and were with the School at all times relevant to this action.

14. Defendants Doe I-V are all sued in their individual and official capacities and at all times relevant hereto were acting under the color of their official capacity and their acts were performed under color of the statutes and ordinances of the City and County of Philadelphia, the State of Pennsylvania.

## FACTUAL ALLEGATIONS ON THE MERITS

15. Defendants, individually, jointly, severally, and/or in concert with each other, violated the minor Plaintiff's right to bodily integrity guaranteed under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, as

well as analogous provisions of the Constitution of the Commonwealth of Pennsylvania and Title IX of the Educational Amendments of 1972 § 901 et seq.

16. At the time of the actions which make up this Complaint, Minor Plaintiff, Y.F.G., was legally blind.

17. At all times material herein, minor Plaintiff was a student who was enrolled at Overbrook Educational Center (hereinafter referred to as "OEC") in Philadelphia, Pennsylvania.

18. OEC is a public school located in the district of Philadelphia, and it is a school for the blind and/or visually impaired.

19. OEC and District are governed by Commission, who is responsible for the management of school affairs and its employees and students.

20. The first instance which supports the averments that form the basis of this Complaint occurred in September of 2014 (hereinafter referred to as the "2014 assault").

21. During the school hours, and while in the bathroom, which is located near minor Plaintiff's classroom, minor Plaintiff was inappropriately touched and/or assaulted by other students.

22. This assault was at the hands of individual(s), whose identities and ages are unknown.

23. As minor Plaintiff is visually impaired, the identities of the perpetrator(s) of the 2014 assault are unknown.

24. As a result of the 2014 assault, minor Plaintiff's mother contacted both the administration at OEC and the Philadelphia Police Department to lodge a formal complaint

4

25. As a result of the 2014 assault, minor Plaintiff sustained physical injuries to buttocks and penis, and mental/psychological injuries.

26. Both the School District of Philadelphia and the Philadelphia Police Department performed an investigation into the 2014 assault.

27. As a result of the investigation, certain protocols were to be in place so that an assault like the one that occurred in 2014 would not occur again.

28. These protocols included, but were not limited to the following:

    a. A classroom assistant (school district employee, who is presently known only as John Doe I-V) would accompany minor Plaintiff to the bathroom at all times;

    b. Minor Plaintiff would be able to use the bathroom located in the nurses' office; and,

    c. Other assurances which Defendants are in possession of.

29. The above protocols were supposed to be put in place by Defendants, District, Commission and Meredith Foote.

30. The Plaintiffs relied upon these protocols.

31. Unfortunately, the protocols were not implemented or enforced by the District and/or its employees at OEC.

32. On or about April 23, 2015, minor Plaintiff, who then was a 4th Grade Student, went to use the boys' bathroom, which is nearby the 4th Grade Classroom.

33. No employee of the District accompanied minor Plaintiff to the bathroom nor was he redirected to the bathroom located inside the nurse's office.

34. At the aforementioned time and place, minor Plaintiff was in the bathroom, using the facilities, when suddenly and without warning, he was sexually assaulted by another individual, whose identity is unknown (hereinafter referred to as the "2015 assault").

35. During the sexual assault, minor Plaintiff's genitals and buttocks were touched and/or assaulted in an inappropriate and violent fashion.

36. As minor Plaintiff is visually impaired, the identity of the perpetrator can only be described as a large male student, or an adult male.

37. The attack occurred while minor Plaintiff was in a defenseless and vulnerable physical position.

38. At no time during the physical assault of the minor Plaintiff, did Defendants Meredith Foote, and John Does I-V, take any action to stop the assault.

39. In fact, before he went to the bathroom that day, minor Plaintiff asked the assistant (John Doe I-V) to accompany him to the boys' bathroom.

40. Rather than accompanying minor Plaintiff to the bathroom, the assistant (John Doe I-V) affirmatively told Plaintiff to "go on his own and [he/she] would watch the bathroom door."

41. The assistant failed to watch the bathroom door or accompany minor Plaintiff to the bathroom.

42. The assistant failed to direct minor Plaintiff to the nurses' office to use that bathroom.

43. John Does, I-V, and/or Meredith Foote allowed and/or permitted minor Plaintiff to leave the classroom without supervision knowing that minor Plaintiff was in the bathroom without protection or warning.

6

44. The 2015 assault is especially egregious given the fact that a similar assault occurred in 2014 that the District, Commission, Meredith Foote, and John Does, I-V knew or should have been aware of.

45. It is therefore, minor Plaintiff's contention that the actions and/or inactions as stated above constituted a willingness to ignore the foreseeable assault upon minor Plaintiff, which was in direct violation of the protocols, which were set in place.

46. Defendants' acts and/or omissions constituted deliberate indifference and blatant disregard for the rights, safety and well being of minor Plaintiff.

47. In deliberate indifference to said danger, the Defendants failed to take appropriate and reasonable measures or failed to implement such measures that would provide adequate security and protection to minor Plaintiff.

48. As a result of the 2015 assault, minor Plaintiff sustained the following injuries, including, but not limited to: trauma to the buttocks; anal penetration; trauma to the penis; post-traumatic stress disorder; mental anguish; and, any other injuries diagnosed by his health care providers.

49. Further, as a result of the 2015 assault, minor Plaintiff lost the ability to achieve a meaningful education and incurred increased cost of education in a private institution.

50. As a result of the 2015 assault, Plaintiff, J.G. sustained financial losses for increased tuition in a private school.

51. As a result of the 2015 assault, Plaintiff, J.G. sustained costs of medical care including, but not limited to medical bills, co-pays, deductibles and travel expenses to and from minor Plaintiff's medical appointments.

52. As a result of the 2015 assault, minor Plaintiff may incur a reduction in his earning capacity or future wages.

53. At all relevant time, Defendants knew or should have known that their actions were in violation of Plaintiff's Fourth and Fourteenth Amendment Rights.

54. Defendants' actions, and their motivation for their actions, were conscience shocking, without conscious regard or due care for Plaintiff or the foreseeable consequences of their actions, and with such wanton and reckless disregard of the consequences as to show Defendants' deliberate indifference to the danger of harm and injury.

55. As a direct and proximate cause of Defendants' actions and inactions, Plaintiff suffered and continues to suffer deprivation of his rights, fear, horror, loss of liberty, grievous physical injuries, and the loss of the enjoyment of life, all to his great detriment and loss.

56. The rights, violations and injuries suffered by plaintiffs were a foreseeable result of the policies, practices, customs and deliberate indifference of the Defendants.

## COUNT I
## VIOLATION OF CONSTITUTIONAL RIGHT TO BODILY INTEGRITY

**MINOR PLAINTIFF, Y.F.G., BY AND THROUGH HIS P/N/G, J.G. AND PLAINTIFF, J.G. IN HER OWN RIGHT**
**v.**
**DISTRICT, COMMISSION, MEREDITH FOOTE AND JOHN DOES, I-V**

57. The allegations set forth in the preceding paragraphs are incorporated as though fully set forth herein.

58. At all times relevant hereto, the Defendants, either in or at the supervision, direction, approval, acceptance, and ratification of, or in concert with, the conduct and activities

8

of the other Defendants named herein, acted individually and in their official capacity under the color of state law and in regard to the safety of students within OEC were responsible for custody, care, education, social services, and associated treatment of said students, as well as the implementation and enforcement of the Disciplinary Responses and Procedures at OEC.

59. The actions or inactions of Defendants were undertaken in bad faith, in deliberate indifference to, and in callous disregard of minor Plaintiff's constitutional rights to bodily integrity guaranteed under the Due Process Clause of the Fourteenth Amendment of the United States Constitution States Constitution and Article I, § 1 of the Constitution of the Commonwealth of Pennsylvania, and under 42 U.S.C. §§ 1983 and 1988, in that these Defendants:

   a. Tolerated, and thereby fostered a certain level of violence within OEC, which resulted in both of the violent, sexual, and indecent assaults of minor Plaintiff;

   b. Intentionally and/or recklessly allowed and fostered, in deliberate indifference to and callous disregard for students' constitutional rights to bodily integrity guaranteed under the Due Process Clause of the Fourteenth Amendment of the United States Constitution and under Article I of the Pennsylvania Constitution;

   c. Intentionally and/or recklessly failed to and/or refused to enforce the protocols and procedures set in place by Defendants at OEC;

9

d. Failing to adequately assess and/or remedy school building safety, in particular the wholly unsecured, unmonitored, security-abandoned bathrooms, hallways, and/or common areas;

e. Failing to adequately train school officials, servants, workmen, agents, employees, and/or independent contractors in effective measures to prevent school violence and/or sexual assaults;

f. Failing to formulate adequate security planning or purchase security-related technology, which may include special emergency communication equipment, locks, deadbolts and/or other related technology; and,

g. Failing to train the administrators, officials, agents, servants, employees, and/or independent contractors of schools such as OEC to protect the minor Plaintiff's constitutional rights amounting to deliberate indifference to and callous disregard for the rights of minor Plaintiff, in particular the Right to Bodily Integrity under the Due Process Clause of the Fourteenth Amendment if the United States Constitution and Article I of the Constitution of the Commonwealth of Pennsylvania.

60. As a direct and proximate result of Defendants' actions or inactions, more particularly described above, minor Plaintiff's constitutional rights were violated.

61. Defendants subjected minor Plaintiff to these deprivations of rights unreasonably, intentionally, wantonly, outrageously, and with conscious and reckless disregard for whether Plaintiff's rights would be violated by their actions.

10

62. As a direct and proximate result of the acts and omissions of Defendants, minor Plaintiff suffered damages as set forth above and deprivations of his rights all to minor Plaintiff's great detriment and loss.

63. Solely as a result of Defendants' action or inaction, minor Plaintiff suffered substantial damages, including the costs of this suit.

64. Minor Plaintiff is entitled to attorney's fees and cost of prosecution of this suit pursuant to 42 U.S. C. § 1988.

## COUNT II
## VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS OF 1972
## 20 U.S.C. §§ 1681-1688 (2011) BY DEFENDANTS

### MINOR PLAINTIFF, Y.F.G., BY AND THROUGH HIS P/N/G, J.G. AND PLAINTIFF, J.G. IN HER OWN RIGHT
### v.
### DISTRICT, COMMISSION, MEREDITH FOOTE AND JOHN DOES, I-V

65. The allegations set forth in the preceding paragraphs are incorporated as though fully set forth herein.

66. The Defendant, District and/or Commission are political subdivisions of the Commonwealth of Pennsylvania.  Said Defendants' educational programs and activities receive federal financial assistance.

67. At all times material hereto, minor Plaintiff was enrolled at an educational institution operated by Defendant, District and/or Commission.

68. Minor Plaintiff has been subjected to sexual assault, while under the care and supervision of Defendant, District, Commission, Meredith Foote and John Does, I-V.

11

69. The individual Defendants were, at all times material hereto, acting as agents and/or employees of Defendant, District, and who had actual knowledge of the acts being perpetrated upon minor Plaintiff.

70. At all times material hereto, Defendant, District and/or Commission by and through its employees and/or representatives had authority to take remedial action prior to the April 2015 assault, and failed to do so.

71. The failure on the part of the District and/or Commission by and through its employees and representatives to take and/or enforce appropriate remedial action to prevent said assaults was clearly unreasonable under the circumstances.

72. The aforementioned assaults upon minor Plaintiff were so severe, pervasive and objectively offensive that they prevented minor Plaintiff, as a victim, from access to educational opportunities and benefits within the Defendant, District's school.

73. At all times material hereto, Defendants were deliberately indifferent to the assault, which was perpetrated upon minor Plaintiff in 2015.

74. At all times material hereto, Defendants, by and through its employees and/or representatives had possessed knowledge of the 2014 assault upon minor Plaintiff, that it could reasonably have responded, prevented, and/or taken and implementing remedial measures as corrective actions to prevent the 2015 sexual assault.

75. Under Title IX of the Educational Amendments of 1972 Section 901, et seq. (20 U.S.C.A. §§ 1681 et seq.) Defendants are liable for the sexual assault perpetrated upon minor Plaintiff.

12

76. At all times material hereto, the failure on the part of Defendants to take and implement remedial action in light of the obvious need to do so constituted a policy of inaction by Defendants.

77. As a direct and proximate result of the violations of Title IX of the Educational Amendments of 1972 referred above, minor Plaintiff has suffered damages as referred to above as well as psychological, physical, and emotional harm, lack of participation in school, fear of going to school, dropping grades, increased absence in school, loss of self-esteem, and increased tuition for private school.

78. The aforesaid assaults suffered by minor Plaintiff were severe, pervasive, and objectively offensive, whereby it undermined and detracted from minor Plaintiff's educational experience in such a manner that he was denied equal access to Defendant, District's educational resources, benefits and opportunities.

79. Solely as a result of Defendants' conduct, Plaintiff suffered substantial damages, including the costs of this suit.

80. Plaintiff is entitled to attorney's fees and cost of prosecution of this suit pursuant to 42 U.S. C. § 1988.

## COUNT III
## INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS

**MINOR PLAINTIFF, Y.F.G., BY AND THROUGH HIS P/N/G, J.G. AND PLAINTIFF, J.G. IN HER OWN RIGHT**
**v.**
**DISTRICT, COMMISSION, MEREDITH FOOTE AND JOHN DOES, I-V**

13

81. The allegations set forth in the preceding paragraphs are incorporated as though fully set forth herein.

82. Defendants, District, Commission, Meredith Foote and John Does I-V intentionally, recklessly, willfully, and without legal justification, by extreme and outrageous conduct caused severe emotional distress to minor Plaintiff.

83. The acts of Defendants alleged in the preceding paragraphs constitute the tort of intentional infliction of emotional distress outrageous conduct all to minor Plaintiff's great detriment and loss.

84. As a direct and proximate result of the aforementioned extreme, outrageous, intentional, willful and malicious conduct, minor Plaintiff has suffered and will continue to suffer, amongst other things, severe emotional distress, mental anguish, embarrassment and humiliation, all of which may be permanent in nature.

**WHEREFORE**, minor Plaintiff, Y.F.G., by and through his p/n/g J.G., request that the Court find and determine, after trial by jury as appropriate, that minor Plaintiff suffered substantial and continuing injury as a result of deprivation of his civil and Constitutional rights, discrimination, and otherwise wrongful conduct and award the following relief, as appropriate:

i) a declaration that Defendants, jointly and severally, have violated minor Plaintiff's civil rights;

ii) compensatory damages in excess of $150,000;

iii) prejudgment interest, attorneys' fees and costs;

iv) punitive damages against the individual defendants in their individual and official capacities; and,

v) such other legal and equitable relief as the Court deems just and proper.

## JURY DEMAND

PURSUANT TO F.R.C.P. 38, A JURY TRIAL IS DEMANDED.

**CLEARFIELD & KOFSKY**
Keith W. Kofsky, Esquire – Attorney ID 65725
Anthony Lopresti, Esquire – Attorney ID 93515
1617 John F. Kennedy Boulevard, Suite 355
Philadelphia, PA 19103
(215) 563-6333 – Phone
(215) 563-3580 – Fax
Attorneys for Plaintiffs, Y.F.G., a minor, by and through
his p/n/g J.G. and J.G. in her own right